IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICKEY DALE SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-996 |
| | ) | |
| SAMUEL S. PAGE, BILLY KING, | ) | |
| and LIBERTY MUTUAL | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT

Plaintiff Mickey Dale Snow has sued the defendants—the Sheriff of Rockingham County, one of his deputies, and his surety—for injuries and emotional distress following a stroke he allegedly suffered while detained in the Rockingham County Detention Center. He asserted five causes of action against Sheriff Page and Captain King in their individual and official capacities: negligence, negligent or intentional infliction of emotional distress, liability under § 1983 for violations of his Fourteenth Amendment rights, liability of Liberty Mutual as the Sheriff's surety, and punitive damages.

Sheriff Page and Captain King moved to dismiss the claims against them, and Mr. Snow voluntarily dismissed his federal claims. Because Mr. Snow's allegations are conclusory and devoid of any factual assertions about individual acts or omissions by Sheriff Page and Captain King, the Court will grant the motion to dismiss. The Court will also dismiss the action as to Liberty Mutual pursuant to Rule 4 of the Federal Rules

of Civil Procedure since Mr. Snow has not timely obtained service of process on this defendant.

## I. Allegations in the Amended Complaint

As required for consideration of a motion to dismiss for failure to state a claim, the Court takes the allegations in the complaint as true for purposes of deciding the motion. These are not findings of fact or expressions of opinion on the validity or truth of the allegations.

Beginning on November 25, 2015, Mr. Snow was in the custody of Sheriff Page and detained in the Rockingham County Detention Center. Doc. 6 at ¶ 7. On December 11, Mr. Snow suffered a stroke and fell on the floor of his jail cell, where seven correctional officers awakened him at 2 a.m. *Id.* at ¶¶ 8, 10. These officers violently and forcefully jerked his arm, causing injury, and then returned him to his bunk and left. *Id.* at ¶¶ 10–11. During a meeting later that day, Mr. Snow's attorney noticed his head injuries and stroke symptoms and informed a jail guard that he believed Mr. Snow suffered a stroke and needed to go to the hospital. *Id.* at ¶¶ 13–14.

Mr. Snow was not given any medical attention until a jail nurse examined him three or four days later and gave him Tylenol. *Id.* at ¶¶ 15–16. A few days later, he had an x-ray taken and was given more Tylenol, but he received no additional medication. *Id.* at ¶ 17. A nurse also checked his blood pressure and oxygen levels and told Mr. Snow he should see a doctor for his high blood pressure once released from custody. *Id.* at ¶ 18.

Mr. Snow was released from custody "soon thereafter" on a secured bond, *id.* at ¶ 19, and sought medical care for "continuous severe headaches, extreme shoulder pain,

loss of hearing in his left ear, and loss of vision in his left eye." *Id.* at ¶ 20. His medical providers concluded that he suffered a stroke, causing him to fall and resulting in a concussion, headaches, and 20% nerve loss in his legs and feet. *Id.* at ¶ 21.

Mr. Snow alleges that Sheriff Page is under a "statutory duty to operate all law enforcement activities in Rockingham County" and that Captain King had "direct supervision and authority of the Rockingham Detention Center" as a captain of the Rockingham County Sheriff's Department. *Id.* at ¶¶ 2–3. He alleges that Sheriff Page and Captain King "purposefully refused to render any assistance" to him, including "intentionally not transporting him to the nearest hospital emergency room." *Id.* at ¶ 16. He alleges that Sheriff Page "harbors extreme ill will, hostile and very negative feelings" about Mr. Snow for "various reasons that will be proven through discovery," and that this ill will led Sheriff Page to "civilly conspire" with Captain King to "intentionally deny" him access to medical care. *Id.* at ¶ 23.

## II. Analysis

In his Amended Complaint, Mr. Snow does not set forth any specific actions taken by Sheriff Page or Captain King. He does not allege any facts tending to indicate that Sheriff Page or Captain King knew of Mr. Snow's health problems, knew of his attorney's request for a medical evaluation, or knew that he was receiving medical care from a nurse. Beyond conclusory assertions that Sheriff Page and Captain King "purposefully refused to render any assistance" to Mr. Snow by "intentionally not transporting him to the nearest hospital emergency room," and "civilly conspire[d]" to

3

deny him access to medical care, *id.* at ¶¶ 16, 23, he does not explain how either defendant prevented him from receiving medical care.

Instead, the specific allegations about Mr. Snow's detention, injury, and requests for medical care involve "guards," "jail staff," or medical personnel, not the defendants. *See id.* at ¶¶ 8–18. Nowhere does Mr. Snow allege that these individuals, none of whom are named as defendants, acted negligently or wrongfully at the direction of a defendant or that these individuals ever discussed Mr. Snow's situation with either defendant.

Without at least some factual allegations as to when and in what manner Sheriff Page or Captain King acted to deny Mr. Snow medical care, his conclusory allegations do not plausibly state a claim for relief under the two substantive bases for liability Mr. Snow advances. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[1]

As to his first cause of action, a prima facie case of negligence in North Carolina requires pleading duty, breach, and actual and proximate cause of injury. *See Lumsden v.*

---

[1] In the complaint, Mr. Snow only alleges that Sheriff Page and Captain King denied him medical care. The Court has reviewed the complaint liberally in view of the plaintiff's pro se status at the time the complaint was filed. He has not alleged any facts to indicate that either defendant is vicariously liable for the acts of a guard or a nurse. *See, e.g.*, *Prior v. Pruett*, 143 N.C. App. 612, 622, 550 S.E.2d 166, 172–73 (2001) ("Without a[n] underlying negligence charge against the deputies, a claim of negligence against the Sheriff and County can not be supported."). Nor has he alleged any facts in the Amended Complaint or asserted in his brief that either defendant failed to appropriately train or supervise the guards, that the nurses provided medical treatment below the standard of care for which the defendants are responsible, or that that guards and nurses were operating pursuant to a custom or policy mandated by the Sheriff's office.

*United States*, 555 F. Supp. 2d 580, 588 (E.D.N.C. 2008). Mr. Snow's allegations do not plausibly allege an act, or specific failure to act, by either Sheriff Page or Captain King under circumstances that would breach their duty to provide medical care. His conclusory use of the words "negligence" and "negligent" do not create a plausible claim.

As to his second cause of action, both negligent and intentional infliction of emotional distress claims require showing that the defendant engaged in conduct of some sort. The elements of a claim for intentional infliction of emotional distress include "extreme and outrageous conduct" intended to and in fact causing severe emotional distress. *See Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). Similarly, in a claim for negligent infliction of emotional distress, a plaintiff must allege that "the defendant negligently engaged in conduct" that was reasonably foreseeable to cause, and did in fact cause, severe emotional distress. *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Without any allegations as to how Sheriff Page or Captain King acted to deny Mr. Snow medical care, there is no "conduct" to support either claim. Mr. Snow essentially conceded this claim could not survive the motion to dismiss by failing to address it in his brief in opposition to the motion to dismiss. *See* Doc. 15; *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (noting that, by failing to respond to a defense argument for dismissing a particular claim, the plaintiff abandons the asserted claim).

Accordingly, the Court will grant the motion to dismiss the first two causes of action for negligence and intentional or negligent infliction of emotional distress as to

Sheriff Page and Captain King in their individual and official capacities.² Mr. Snow's claims for punitive damages and civil conspiracy similarly fail as both are dependent on an underlying tort and his allegations are otherwise conclusory and non-specific.

Mr. Snow's fourth cause of action against the Sheriff's surety is based upon the liability of an insured officer. *See* Doc. 6 at ¶ 46; N.C. Gen. Stat. § 58-76-5. Mr. Snow has not obtained service of process on Liberty Mutual within the time allowed by Rule 4(m). *See* Doc. 16. Since none of the claims against the insured officers will go forward, it would be futile to allow him more time to obtain service against Liberty Mutual.

### III. Conclusion

Mr. Snow has not alleged facts that plausibly support the causes of action set forth in the Amended Complaint that he has not already voluntarily dismissed. The claims against Captain King and Sheriff Page will be dismissed for failure to state a claim. The

---

² Before the plaintiff voluntarily dismissed his federal § 1983 claim, Sheriff Page and Captain King also asked the court to dismiss Mr. Snow's claims for lack of subject matter jurisdiction. They contended that Mr. Snow had failed to state a valid § 1983 claim, that there was no other valid basis for federal jurisdiction, and that the Court should decline to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a). *See* Doc. 13 at 2–4. As the Court did have subject matter jurisdiction when the case was filed because of the federal questions raised in the plaintiff's § 1983 claim, and the § 1983 claim was not wholly insubstantial and frivolous, the Court in its discretion will exercise supplemental jurisdiction over Mr. Snow's state law claims for the purposes of this Order. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

case against Liberty Mutual will be dismissed for failure to timely obtain service of process.

It is **ORDERED AND ADJUDGED** that:

1. The defendants' motion to dismiss, Doc. 13, is **GRANTED** and the state law claims against Billy King and Samuel Page are **DISMISSED** with prejudice for failure to state a claim;

2. The claims against Liberty Mutual are **DISMISSED** for failure to obtain timely service of process;

3. The case is **DISMISSED** in its entirety.

This the 9th day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE

7

Case 1:18-cv-00996-CCE-JEP   Document 18   Filed 04/09/19   Page 7 of 7